UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BE V. VO,<br><br>        Plaintiff,<br><br>   v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. CV 08-3514-JTL<br><br>MEMORANDUM OPINION AND ORDER |

**PROCEEDINGS**

On June 2, 2008, Be V. Vo ("plaintiff") filed a Complaint seeking review of the Social Security Administration's denial of his application for Supplemental Security Income benefits. On June 20, 2008, Michael J. Astrue, Commissioner of Social Security ("defendant"), filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. On June 25, 2008, plaintiff filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum. Thereafter, on December 2, 2008, defendant filed an Answer to the Complaint. On March 10, 2009, the parties filed their Joint Stipulation.

The matter is now ready for decision.

///

///

**BACKGROUND**

On February 20, 2003, plaintiff filed an application for Supplemental Security Income benefits. (Administrative Record ["AR"] at 75-78). In his application, plaintiff claimed that, beginning on August 1, 1999, back pain, memory problems, and headaches prevented him from working. (AR at 75). The Commissioner denied plaintiff's application for benefits both initially and upon reconsideration. (AR at 44-49, 53-56). On June 21, 2004, Administrative Law Judge ("ALJ") Daniel E. Loughry conducted a hearing in Glendale, California. (AR at 27-43). Plaintiff appeared at the hearing with counsel and testified. (AR at 31-39). Rheta King, a vocational expert, appeared and testified. (AR at 39-42). An interpreter was also present at the hearing. (AR at 27).

On July 30, 2004, ALJ Loughry issued his decision denying benefits. (AR at 19-25). In his decision, ALJ Loughry concluded that plaintiff suffered from severe disorders of the back. (AR at 20). ALJ Loughry also noted that claimant suffered from a depressive disorder, not otherwise specified, which was medically determinable but not severe. (Id.). ALJ Loughry, however determined that plaintiff's impairment did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1. (Id.). ALJ Loughry also found that, based upon plaintiff's residual functional capacity, plaintiff retained the capacity to perform his past relevant work as a hand packager. (AR at 24). Ultimately, ALJ Loughry found that plaintiff was not disabled pursuant to the Social Security Act. (Id.). The Appeals Council affirmed ALJ Loughry's decision. (AR at 9-11).

Thereafter, plaintiff appealed to the United States District Court. On February 22, 2006, the district court issued an order remanding the matter for further proceedings. (AR at 347). The Court instructed the ALJ that on remand, he or she should determine the appropriate amount of weight to give to the opinion of Richard A. Hochberg, M.D., plaintiff's treating psychiatrist, and then consider whether plaintiff is still able to perform his past relevant work. If plaintiff could not perform his past relevant work, the Court instructed the ALJ to determine whether other work exists in significant numbers in the national economy that accommodates plaintiff's residual functional capacity and vocational factors. (Id.).

On December 11, 2007, ALJ David J. Agatstein held a supplemental hearing in Pasadena, California. (AR at 498-534). Plaintiff appeared at the hearing with counsel and testified with the assistance of a Vietnamese language interpreter. (AR at 503-24). Glenn E. Griffin, Ph.D., a medical expert, and Martin Brodwin, Ph.D., a vocational expert, also testified at the hearing. (AR at 524-33). On January 17, 2007, ALJ Agatstein issued a decision denying benefits to plaintiff. (AR at 281-92). ALJ Agatstein determined that plaintiff had the following medically determinable impairments: chronic low back pain with mild degenerative disk disease of the lumbar spine and hypertension, controlled with medications. (AR at 284). ALJ Agatstein also noted that plaintiff had a medically determinable depressive disorder that was not severe. (Id.). ALJ Agatstein found that plaintiff's conditions did not meet or equal any of the impairments contained in the Listing of Impairments (see 20 C.F.R. Part 404, Subpart P, Appendix 1). (AR at 285). ALJ Agatstein determined that plaintiff retained the residual functional capacity to perform work at the medium level of exertion, and was capable of performing his past relevant work as a hand packager. (AR at 285-91). Thus, ALJ Agatstein concluded that plaintiff was not disabled from February 20, 2003, the date plaintiff filed his application, through February 27, 2005.[1] (AR at 292; see AR at 282).

Thereafter, plaintiff appealed to the United States District Court.

**PLAINTIFF'S CONTENTION**

Plaintiff contends that ALJ Agatstein failed to properly evaluate the medical evidence in the record.

**STANDARD OF REVIEW**

Under 42 U.S.C. Section 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal

---

[1] Plaintiff filed a subsequent claim for Supplemental Security Income benefits with a protective filing date of February 28, 2005. Plaintiff's claim was granted and he began receiving payments on January 1, 2006. (See AR at 282).

standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Morgan v. Comm'r, 169 F.3d 595, 599 (9th Cir. 1999). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006).

## DISCUSSION

### A.   The Sequential Evaluation

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantially gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantially gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 141 (1987). Second, the ALJ must determine whether the claimant has a severe impairment. Parra, 481 F.3d at 746. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations. Id. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). If the claimant cannot perform his or her past relevant work, the ALJ proceeds

to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantially gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times, the burden is on the claimant to establish his or her entitlement to disability insurance benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).

**B.      ALJ Agatstein's Evaluation of the Medical Evidence in the Record**

Plaintiff argues that the record supports a finding of disability from February 20, 2003 through February 27, 2005. (Joint Stipulation at 3). Plaintiff notes that the district court remanded the matter to allow an ALJ to reevaluate the opinion of Richard A. Hochberg, M.D., plaintiff's treating psychiatrist. Plaintiff alleges that ALJ Agatstein went outside of the scope of the remand order and improperly conducted a de novo evaluation of the severity of plaintiff's mental impairment. (Joint Stipulation at 4-5). Plaintiff argues that the Court should reverse ALJ Agatstein's decision and award benefits for the period from February 20, 2003 through February 27, 2005. (Joint Stipulation at 10).

Defendant concedes that ALJ Agatstein failed to provide clear and convincing reasons for rejecting the opinion of Dr. Hochberg. (Joint Stipulation at 7). Defendant, however, argues that the Court should not award benefits and, instead, should remand the matter for further proceedings to permit defendant to remedy the defects in ALJ Agatstein's decision. (Joint Stipulation at 7-9). Defendant proposes that the Court issue an order remanding the matter to allow an ALJ to (1) reevaluate the medical evidence offered by Dr. Hochberg and either give it proper weight or provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting Dr. Hochberg's opinion; (2) reassess plaintiff's residual functional capacity; and (3) if necessary, consult with a vocational expert to determine what jobs plaintiff can perform given his age, education, vocational factors, and residual functional capacity.

(Joint Stipulation at 7).

The choice of whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. McAlister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision, and where the record should be developed more fully. Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990); see Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. See Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). In making this determination, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

Here, the Court finds remand appropriate. While ALJ Agastein went beyond the scope of the remand order and failed to provide legally sufficient reasons for rejecting Dr. Hochberg's opinion, see Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) ("The ALJ may not reject the opinion of a treating physician, even if it is contradicted by the opinions of other doctors, without providing specific and legitimate reasons supported by substantial evidence in the record." (internal quotation marks omitted)), an ALJ must still determine the amount of weight to give Dr. Hochberg's opinion before a disability determination can be made and, if appropriate, benefits can be awarded. Thus, the Court cannot conclude that plaintiff is entitled to benefits based on the record before it.

On remand, the opinion rendered by Dr. Hochberg must be weighed using all of the factors provided in 20 C.F.R. Section 404.1527, such as the length of the treatment relationship, frequency of examination, and the nature and extent of the treatment relationship,

as well as the evidence supporting Dr. Hochberg's opinion. See Social Security Ruling ("SSR")[2] 96-2p; 20 C.F.R. § 404.1527(d)(2). If, on remand, the ALJ rejects Dr. Hochberg's opinion, the ALJ must set forth specific and legitimate reasons for doing so that are supported by substantial evidence in the record. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Orn v. Astrue, 495 F.3d 625, 631-35 (9th Cir. 2007). If the ALJ finds that plaintiff suffers from additional limitations, the ALJ must consider those limitations when reevaluating plaintiff's residual functional capacity and continuing through the sequential evaluation to determine whether plaintiff was entitled to benefits from February 20, 2003 through February 28, 2005.

**ORDER**

The Court, therefore, VACATES the decision of the Commissioner of Social Security Administration and REMANDS this action for further administrative proceedings consistent with this Memorandum Opinion and Order.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: March 18, 2009

/s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

---

[2] Social Security Rulings are issued by the Commissioner to clarify the Commissioner's regulations and policies. Bunnell v. Sullivan, 947 F.2d 341, 346 n.3 (9th Cir. 1991). Although they do not have the force of law, they are nevertheless given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989).